ROBERT L. CUTTING, Jr., as Receiver, etc., Respondent, *v.* W. G. DAMEREL, Appellant.

Defendant, being the owner of ten shares of the capital stock of the B. and B. Association, a corporation organized under the act of 1867 (chap 474, Laws of 1867), and by it made subject to the provisions of the Revised Statutes in relation to the general powers, privileges and liabilities of corporations (1 R. S. 599, § 1, *et seq.*), sold said stock to B. & Co., a firm, of

which the president of said corporation and one of its trustees were members, and transferred his certificate by executing an assignment in blank indorsed upon it. The stock was not transferred on the books of the corporation; an indorsement was made upon the dividend book that the dividends were to be paid to B. & Co.; for four years thereafter they were so paid, being credited in the account of that firm and so marked on the dividend book. There was no declaration in the charter or by-laws that a transfer could only be made perfect by entry on the books. Said corporation having become insolvent, plaintiff, as receiver thereof, brought this action to recover an amount unpaid upon said stock. *Held,* that the action was not maintainable; that B. & Co. took a complete and perfect title, and the corporation, having recognized that firm as the owner, could not contest its title: and that the receiver occupied no other position, and had no better right than the corporation.

*Adderly* v. *Storm* (6 Hill, 624); *Rosevelt* v. *Brown* (11 N. Y. 148); *Webster* v. *Upton* (91 U. S. 65); *Pullman* v. *Upton* (96 id. 329), distinguished. *Mann* v. *Currie* (2 Barb. 294), distinguished and limited.
*Cutting* v. *Damerel* (23 Hun, 339), reversed.

(Argued March 13, 1882; decided March 21, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made April 1, 1881, which set aside a verdict in favor of defendant and ordered a new trial. (Reported below, 23 Hun, 339.)

The nature of the action and the facts are set forth in the opinion.

*E. B. Hinsdale* for appellant. This action rests solely upon the liability of the defendant, from the circumstances that the defendant's name stands upon the books as a stockholder, and must not be confounded with that large class of cases where the liability rests upon a contract, express or implied. (*Seymour* v. *Sturges*, 26 N. Y. 134; *Wintringham* v. *Rosenthal*, 25 Hun, 580.) In an action to enforce such a liability, the receiver stands in the place of the corporation, in no better condition and with no greater rights than the corporation would have had. (*Savage* v. *Medbury*, 19 N. Y. 32; *Hyde* v. *Lynde*, 4 id. 387; *Bell* v. *Shibley*, 33 Barb. 610; *Cutting* v. *Marlor*, 17 Hun, 573.) In this case, the purchaser from defendant, having taken the stock with blank power of attorney, signed

by defendant, took complete title to the stock. (*Holbrook* v. *N. J. Zinc Co.*, 57 N. Y. 616, 624; *Daiscoll* v. *W. B. & C. M. Co.*, 59 id. 96; *Com. Bk.* v. *Kortright*, 22 Wend. 348, 363.) Provisions for regulating transfers of stock are for the benefit of, and may be waived by, the corporation. (*Com. Bk.* v. *Kortright*, 22 Wend. 362; *N. Y. & H. R. R.* v. *Schuyler*, 34 N. Y. 30, 81.) The corporation, having made the transfer and acted upon it, cannot now be heard to deny its validity. (*Isham* v. *Buckingham*, 49 N. Y. 216.) The particular circumstance which must preclude plaintiff's recovery is the admitted fact that the transfer of the stock was prevented by the direct action of the president. (*N. Y. & N. H.* v. *Schuyler*, 34 N. Y. 30; *Com. Bk.* v. *Kortright*, 22 Wend. 348, 363–365; *Cutting, Rec'r,* v. *Marlor*, 17 Hun, 573.)

*John Clinton Gray* for respondent. All persons who were registered on the books of the Bankers and Brokers' Association as holders of shares of its capital stock, when that association failed and came into the hands of a receiver, remained the legal owners of the shares and were subject to the liability to pay the sum necessary to complete the amount of such shares as fixed by the charter, or such portion thereof as may be called. (Laws of 1867, chap. 474, § 2; 3 R. S. [Banks' 5th ed.] 764; *Mann* v. *Pentz*, 32 N. Y. 415; chap. 18, part 1, title 2, art. 2, § 47 [45] of Revised Statutes; *Adderly* v. *Storms*, 6 Hill, 624, 628; *Mann* v. *Currie*, 2 Barb. 294, 299; *Rosevelt* v. *Brown*, 1 Kern. 148, 152; *Shellington* v. *Howard*, 53 N. Y. 371; *In Re Reciprocity B'k*, 22 id. 9, 17; *Empire City B'k Case*, 18 id. 200; *Webster* v. *Upton*, 91 U. S. 65; *Pullman* v. *Upton*, 96 id. 329; *Messersmith* v. *Sharon Savings B'k* [Penn. Sup. Ct., Jan'y 8, 1881], 9 Rep. 444; *Stanley* v. *Stanley*, 36 Me. 191; *Castellan* v. *Hobson*, L. R., 10 Eq. 47; *Grissell* v. *Bristow*, L. R., 3 C. P., chap. 112; *Coles* v. *Bristow*, L. R., 6 Eq. 149; *Hodginson* v. *Kelly*, L. R., 6 Eq. 496; *Hawkins* v. *Murthy*, L. R., 6 Eq. 505; *Cruse* v. *Payne*, L. R., 6 Eq. 641; *Tennent* v. *City of Glasgow B'k & Liquidators* [May, 1879], 40 Law Times Rep. [N. S.] 694.) The plaintiff, as receiver,

is the representative of the corporation and has the legal right to compel payment in full of the subscribed capital, on the faith of which the company acquired a corporate existence and the credit to contract obligations. (Ang. & Ames on Corp. 520.) As defendant, at the time of the insolvency of this corporation and the appointment of a receiver, stood registered upon the books kept for that purpose as a holder of ten shares of its capital stock, there is no escape for him from the established rule of law, which subjects shareholders of record to the liability to pay the assessment levied by the receiver. (*Roosevelt* v. *Brown*, 1 Kern. 148; *Mann* v. *Currie*, 2 Barb. 299; 2 Kern. 624.) When persons become the legal owners of stock, they can only throw off the liabilities incident to that relation by transferring the stock. (*Adderly* v. *Storms*, 6 Hill, 628.)

MILLER, J. The plaintiff, as receiver of an insolvent corporation, the Bankers and Brokers' Association, organized under the act chapter 474, Laws of 1867, seeks in this action to recover of the defendant an unpaid balance upon ten shares of the capital stock of the corporation of which the defendant was at one time the owner. The defendant purchased the stock in June, 1869. In 1874 the defendant requested one Oley, who was clerk and manager of the said Bankers and Brokers' Association, to find a purchaser of the stock, and under the direction of John Bonner, the president of the association, Oley purchased said stock for John Bonner & Company, of which firm John Bonner was a member, and he paid the defendant therefor by a check on the association which was charged to John Bonner & Company upon its books. The defendant delivered the certificate to Oley with a transfer of the stock signed by him in blank, no name being inserted as transferee. Bonner acted as president at the time and until the receiver was appointed, and his partner Smith was one of the trustees of the association. For four years thereafter the dividends were paid to John Bonner & Co., as appears by the books of the association on the account of Bonner with the company and on the

dividend book where it was marked as credited to them. The transaction relating to the sale of the stock was with Bonner alone.

It is very evident that the defendant and Bonner both considered that the stock was sold to Bonner & Company, and as between them the sale was perfect, and the company recognized the sale by the payment of dividends and by crediting the same to Bonner & Co. on its books. So far as these parties were concerned it is difficult to see why the sale was not valid and complete. The defendant was estopped by the transfer from denying it, and the association having recognized Bonner & Co. as the owners and accepted them as stockholders by the payments of dividends and by crediting them with the same on its books, could not contest their title. The certificate was in due form, without any limitation or restriction as to its ownership or as to the power to transfer. Bonner & Co. by its possession, by means of the act of the defendant, was vested with all the *indicia* of title and had a perfect right to sell and dispose of the same by a delivery of the certificate with the usual power of attorney, and to transfer the same. The rule is well settled that one who takes a certificate with the usual power of attorney as between him and the transferer, takes the whole title, both legal and equitable, and it makes no difference that the blanks are not filled up. The purchaser here having taken the stock with a blank power of attorney signed by the defendant, within the authorities took a complete and perfect title to the stock and was the absolute owner thereof. (*Holbrook* v. *N. J. Zinc Co.*, 57 N. Y. 616, 624, and authorities cited. See, also, *Driscoll* v. *The W. B. & C. M. Co.*, 59 id. 96, 101.)

The right of John Bonner & Co. to the stock in question being perfect as between the transferer and the transferee, and the association being cognizant of the title of Bonner & Co., and having acted upon it and recognized it, the question arises whether the receiver occupies any other or different position, or has any better right to assert a claim against the defendant to recover the amount unpaid thereon than the company had.

It is insisted that for the purpose of determining the stock-holder's liability the stock books of the company are conclusive, and all persons who were registered as stockholders when the company failed and passed into the hands of the receiver, were legal owners and liable to pay the sum necessary to complete· the amount which may be called for from the share-holders. The statutes of this State contain provisions in regard to the liability of stockholders for the payment of creditors, and confer upon receivers authority to recover the same. (Laws of 1867, chap. 474, §§ 2, 5, 9; art. 2, chap. 8, tit. 4, part 3, Banks' 5th ed.; R. S., vol. 3, p. 764, art. 3, same title, §§ 78, 80.) And by part 1, chap. 18, tit. 2, art. 2, § 47 (45), moneyed or-porations are required to keep a book in which transfers of its stock shall be registered, and another book containing the names of the stockholders. It will be seen that the statute contains no provision that the entries in these books are conclusive as to the ownership, and it by no means follows that such a result ensues from this regulation which may have full effect without requiring any such interpretation. It is insisted that the decisions fully sustain the soundness of the position contended for by the respondent, and we are referred to some of the reported cases which it is claimed uphold this rule. A brief examination of those cited will, I think, demonstrate that, while the books are in many cases evidence of the owner-ship, that this rule is not without exception. In *Adderly* v. *Storm* (6 Hill, 624), the stock had been transferred on the books of the company and the certificate delivered to the de-fendants by a creditor. A writing was given by which the defendants were authorized to dispose of the stock at a price fixed and apply the proceeds in payment of the debt as it be-came due, but if the debt was paid before the same was dis-posed of, they were to return the same or account for it. The debt was paid, the defendants returned the certificate with an indorsement authorizing a transfer of the stock. The authority was insufficient and a more formal one was made, but the re-transfer was not made on the books of the company or other-wise until March, 1840. It was held that the defendants were

stockholders until the time of the re-transfer and liable for debts contracted prior to that time.

It will be observed that the defendants were the transferers, had not transferred the stock lawfully to the owner, that it still stood in their names on the books and the company had never recognized any other person as the holder or owner which is not the fact in the case at bar. The opinion of the learned judge must be considered as applicable to the case then considered and cannot be regarded as reaching a case where the creditor has the means of knowing by an examination of the books of the company whether the stock has been transferred, and under such circumstances no embarrassment would follow the creditors in seeking a remedy for the wrongs done to the corporation as is indicated in the opinion referred to. If the receiver had examined the books, he would have discovered without difficulty who was the real owner of the stock. We think that the case cited is not analogous. *Mann, Receiver, v. Currie* (2 Barb. 294) was a Special Term decision. The defendant held the stock, which originally was in the name of another who transferred it to the defendant at his request as agent, or as a broker, for the purpose of a sale, and it stood in his name as owner, and not as agent or broker. He made payments of calls on the stock. It does not appear that any other person was known to the company as the owner of the stock, and the books of the company did not show that such was the case. The opinion of the judge before whom the case was tried lays down the rule quite strongly, that the stock could only be transferred by a transfer upon the books and by delivering up the certificate. This was *obiter*, as it was not necessary for the decision of the case, and the decision can be upheld on the ground that the officers of the company were not informed of the transfer, and the books did not show, as was the case here, that it had been transferred.

In *Rosevelt* v. *Brown* (11 N. Y. 148), there was no proof that the books of the company showed that another person, and not the defendant, was the owner of the stock, and the court properly held that when the stock is transferred on the books

to a person who appears to be the legal owner, such person is liable, although it is held by him as collateral security for a debt. The doctrine laid down is manifestly correct and does not in any way apply to the facts presented here. The other cases cited from this State only sustain the general rule, that the stockholder whose name is on the books is liable, which cannot be ordinarily disputed, but as we have seen, which is not without exception.

It may also be remarked that some of the cases cited were actions to enforce the statutory liability of a stockholder to the creditor so that the direct question did not arise between the stockholder and the corporation. Some cases are also cited from the United States Supreme Court, but conceding all that is claimed for them they are so entirely different from the case considered that they do not affect the question presented here. (*Webster* v. *Upton*, 91 U. S. 65; *Pullman* v. *Upton*, 96 id. 329.) The English cases cited are also equally inapplicable to the circumstances here presented, and in view of the facts proven and the special circumstances attending the transaction we are brought to the conclusion that the defendant was not the owner of the stock on the books within the rule established by the authorities and was not liable. It appears here that the purchasers were officers of the company, one being its president and the other a trustee; that the company paid the dividends on the stock to such purchasers, the payments being entered in the dividend-book and the ledger of the corporation, and that the transfer to the real owners was forbidden by the president himself. It was also shown that opposite the entry of the stock in the dividend-book an entry was made by the manager of the company " Credit John Bonner & Co.," and that such dividend was so credited. Here was an admission, a consent and agreement that the stock belonged to John Bonner & Co., and not to the defendant, and the books established that fact. The company had no authority to pay to that firm unless they owned the stock, and by not making the transfer they did not retain the liability of the defendant. They had agreed that it no

longer existed, and when the receiver succeeded to their rights
he simply took what belonged to the corporation, no more and
no less.   He got no title which authorized him to claim pay-
ment upon stock of a former owner, and like the company to
whose rights he succeeded, had no better claim than it possessed
before he was vested with authority and power over its assets.
His right of action is against John Bonner & Co., and not
against the defendant.   There is nothing in the charter or by-
laws of the association which declares that the transfer can only
be made perfect by an entry in the books, nor does such charter,
we think, confer upon the defendant any other or any better
title to stock than is possessed by the holder of stock under or-
dinary circumstances.   While the receiver represents the cor-
poration and when the stock is registered it is usually evidence
of ownership, yet under the peculiar circumstances of this case
we think the defendant was not liable and the order of the
General Term granting a new trial should be reversed, and
judgment ordered for the defendant upon the verdict.

All concur, except ANDREWS, Ch. J., absent.

Ordered accordingly.