[No. 6941.   Decided December 17, 1907.]

## SUDDEN & CHRISTENSON, *Appellant*, v. BERT MORSE, *Respondent*.[1]

APPEAL AND ERROR—PARTIES—GARNISHEES. Garnishees, who filed answers, are not adversely affected by a judgment in the main case, in favor of the defendant, and are not necessary parties to an appeal therefrom.

APPEAL—REVIEW—VERDICT. The probative force of evidence is for the jury.

EVIDENCE—RELEVANCY—SIMILAR TRANSACTIONS. Upon an issue as to whether an agent in the purchase of a vessel had procured the report of a consulting engineer as to the vessel's condition, it is prejudicial error to allow the principal to show that a telegraphic report of a general nature was not the character of report intended by the contract, and to introduce evidence of a written report made by the same engineer as to the condition of another vessel, where the agent had not agreed to obtain such a report and had no knowledge of the former report.

DAMAGES—PLEADING—SPECIAL DAMAGES—ISSUES AND PROOF. In an action upon a contract, a general counterclaim for damages by reason of nonperformance of the contract, claiming loss of time and money expended, does not admit of recovery for the cost of telegrams incurred and certain other items; since the same were items of special damages that must be specially pleaded.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered April 17, 1907, upon the verdict of a jury rendered in favor of the defendant, after a trial on the merits, in an action on a bank check.   Reversed.

*John C. Hogan* and *J. B. Bridges,* for appellant.

*J. C. Cross* and *W. I. Agnew* (*A. Emerson Cross,* of counsel), for respondent.

FULLERTON, J.—In this action the appellant sought to recover from the respondent the sum of $5,004.45, and interest, alleged to be due upon a bank check, drawn by the respondent

[1]Reported in 92 Pac. 901.

in its favor upon the Aberdeen State Bank, which check the bank refused to pay when presented. In his answer to the complaint the respondent alleged, in substance, that the check was given the appellant to be used by it in procuring an option for the purchase of the steamer "M. P. Plant," which the respondent and certain persons associated with him, residing at Aberdeen, contemplated purchasing; that as a condition precedent to entering into the option, the appellant was instructed to procure an inspection and approval of the steamer by the government inspectors of San Francisco, California, and its approval by one F. M. Talbott, a consulting engineer; that the appellant entered into the option without procuring certificates of approval from these engineers, and acting contrary to its instructions and with the intent to defraud the respondent, took the option in the name of a firm of brokers in San Francisco, instead of in the name of the respondent and his associates, for a much shorter time than it was agreed that it should run; and that by reason of the disobedience and fraud of the appellant, the defendant derived no benefit from the delivery of the check. A reply was filed putting in issue the allegations of the answer, and a trial had on the issues so made, resulting in a verdict and judgment for the respondent.

The respondent moves to dismiss the appeal for the reason that certain persons who were summoned as garnishees in the court below, and who filed answers to the garnishee process in that court, were not served with the notice of appeal. But these persons were in no sense parties to the action, and no right of theirs can be affected, however the case may be decided on this appeal. They have therefore no legal right to appear in this court, either to controvert or sustain the judgment appealed from, and consequently there was no necessity for serving them with the appeal notice.

On the merits of the controversy, the appellant first contends that the trial court erred in refusing to sustain a challenge to the sufficiency of the evidence, made at the close of the case on

the ground that the evidence was insufficient to constitute a defense. The respondent testified to the facts substantially as he had set them out in his answer. It is true there is much in the record to contradict him, and it appears, also, that his statements were not at all times consistent, yet we think the probative effect of the testimony was for the jury, and that we would not be justified in saying that it did not constitute a defense, if taken as true. The challenge to the sufficiency of the evidence, therefore, was properly denied.

The report of the consulting engineer as to the condition of the vessel was sent to the respondent from San Francisco to Aberdeen in the form of a telegram. This report did not go into details as to the condition of the vessel, but consisted of only a short statement as to her general condition. The respondent was allowed to state, over the objection of the appellant, that this was not the character of report he expected, and to introduce as part of his evidence a written report made by this same engineer as to the condition of another vessel which the respondent had theretofore considered purchasing, as indicative of the character of the report he expected on this one. It was not shown by the evidence that the appellant agreed to procure a report as full and complete as the former report, or that it ever knew of its existence, nor did it appear that the appellant dictated or had any control over the report sent. Manifestly it was error, under these circumstances, to admit these statements and this report in evidence. The jury undoubtedly were led to believe that the appellant had violated its agreement in this regard, when in fact it had, in so far as the respondent's evidence made clear that duty, fully complied therewith. The respondent argues that this, conceding it error, was not prejudicial, but we think it highly so for the reason that it must have misled the jury. When the court ruled that it was a material circumstance, the jury, owing to the positive nature of the evidence, were bound, if they gave it consideration at all, to charge the appellant with the failure to furnish a more complete report.

The respondent in its answer set up a counterclaim in damages against the appellant; pleading his cause of action in the following language:

"And by reason of the wrongful, careless and negligent acts of the said plaintiff, as set forth in said affirmative defense, and in each and every paragraph and sub-divisions thereof; and on account of each and every of such reasons, this defendant was induced to believe and did believe that he had a *bona fide* contract or agreement with the Oregon Coal and Navigation Company for the purchase of the said steamer 'M. F. Plant,' and acting upon such belief, this defendant expended a great amount of labor, time and money in the performance of his part of the agreement, which the said plaintiff falsely and fraudulently represented as existing, which expense, time and labor was so expended, given and performed by the defendant herein upon the strength in and faith given by this defendant to the said representations, acts and deeds of the said plaintiff; and that by reason of the failure of the said plaintiff to keep faith with this defendant, and to do and perform the acts and things necessary for and agreed by it to be performed, and by reason of its false representations made to this defendant in regard to matters intrusted to its care, custody and control, and by reason of the breach of confidence which this defendant imposed in the said plaintiff, this defendant has totally lost all and singular of his time and labor and money expended in the performance of his supposed contract, and this defendant has been damaged thereby in the sum of Fifteen Hundred ($1,500) Dollars, and Fifteen Hundred ($1,500) Dollars is a reasonable sum to be allowed this defendant as damages herein."

Under this allegation the respondent was permitted to recover his expenses incurred in entering into the contract, the cost of telegrams sent and received in regard thereto, and certain other items claimed to have been expended in an attempt to carry out the contract but which were lost to the respondent because of the acts of the appellant. This was error. The items claimed were items of special damage, not those usually flowing from the breach of a contract, and were not recoverable under the allegations of the answer.

The testimony of A. L. MacLeod, objected to, was properly admitted. It tended, though somewhat indirectly, to establish one branch of the case; namely, that it was by reason of the failure of the appellant to comply with its agreement that the contract for the purchase of the vessel was not carried out.

For the errors noticed, the judgment appealed from is reversed, and the cause remanded for a new trial.

HADLEY, C. J., DUNBAR, and CROW, JJ., concur.

RUDKIN, J.—I concur in the judgment of reversal, but think judgment should be directed by this court in favor of the plaintiff.

MOUNT and ROOT, JJ., concur with RUDKIN, J.