[No. 11669. Department Two. March 7, 1914.]

## SARAH A. GUST, *Respondent*, v. ADOLPH A. GUST *et al.*, *Appellants*.[1]

APPEAL—REVIEW—FINDINGS. Findings in a divorce case upon directly conflicting evidence will be sustained on appeal, where there was evidence tending strongly to sustain the findings, and the whole case depends upon the credibility of the witnesses.

LIS PENDENS—IN DIVORCE—EFFECT—PRIOR CREDITORS. In a divorce case in which the wife seeks a share of the separate property of the husband, a notice of *lis pendens* does not affect the right of a creditor of the husband, pending the divorce, to obtain judgments on valid contracts entered into prior to the marriage; and such judgments would be superior to the rights of the wife in the husband's property.

DIVORCE—DIVISION OF PROPERTY. Upon granting a divorce to a wife, an equal division of the property is unwarranted, where, at the time of the marriage, the plaintiff was 41 years old and without property, the defendant was 50 years old and possessed of property alleged in the complaint to be worth $200,000, the parties were married only nine months before the action was commenced, and no children were born to them; and a money award of $12,000 in lieu of property, should be made to the wife, where it appears that the defendant's property was worth much less than $100,000 and was subject to numerous items of indebtedness; the property was scattered in many counties, and could be converted into money more readily by the defendant than by anybody else.

DIVORCE—DIVISION OF PROPERTY—RECEIVERS. The appointment of a receiver in an action for a divorce is unwarranted where the defendant's property was all real estate, under the jurisdiction of the court, and the defendant was a real estate dealer and able to handle the property better than any one else, and the wife may be given a judgment which will be made a lien on the property.

[1]Reported in 139 Pac. 228.

DIVORCE—SUIT MONEY—ATTORNEY'S FEES. Where a complicated divorce case, involving property alleged to be worth $200,000, was before the supreme court upon five previous occasions, the allowance of $5,000 as attorney's fees is reasonable.

Appeal from a judgment of the superior court for King county, Humphries, J., entered July 26, 1913, upon findings in favor of the plaintiff, in an action for divorce. Modified.

*Brady & Rummens* and *G. W. Saulsberry*, for appellant Adolph A. Gust.

*Donworth & Todd*, for appellant Pauline Miller.

*Edward Judd* and *B. E. McGregor*, for respondent.

MOUNT, J.—Action for divorce on the ground of adultery.

This is the second appeal of this case upon the merits. At the former trial in the court below, the trial court was of the opinion that the plaintiff had failed to sustain the charges of adultery that she had made against her husband. In considering that question upon the former appeal, we said:

· "If the evidence offered on behalf of appellant is accepted as true, there can be no doubt of the commission of the acts complained of."

Upon the trial, the defendant Gust offered no evidence. We reversed the cause and it was remanded to the lower court for further proceedings. See *Gust v. Gust*, 70 Wash. 695, 127 Pac. 292.

At the time the original action was begun, a list of real property alleged to belong to the defendant A. A. Gust was attached to the complaint; and at the same time, notices of *lis pendens* were filed in different counties in the state where portions of the property were located. After the action had been reversed in this court and remanded for further proceedings, the plaintiff filed a supplemental complaint, in which she alleged that, pending the litigation, Pauline Miller had sought to get an interest in the property and had obtained judgments against the defendant A. A. Gust; that he was allowing mortgages to be foreclosed, taxes and assess-

ments to become delinquent upon his property, and that the same would be dissipated and wasted unless a receiver was appointed to marshal the assets. Pauline Miller and George W. Saulsberry were named as defendants in the action. These defendants filed answers to the supplemental complaint. The defendant Pauline Miller alleged in her answer that she had obtained two judgments against the defendant A. A. Gust, one for $27,925 in June, 1912, and the other for $5,092.50 on November 15, 1912; and that these were valid and subsisting judgments and prior liens against the property of A. A. Gust and wife.

The cause came on for trial in July, 1913, and at the conclusion of the trial, the court found that the defendant A. A. Gust had been guilty of adultery on the 23d day of August, 1911, and on the 25th day of November, 1911, and frequently since the commencement of this action, but that the times and places thereof do not appear in the evidence; and that the offenses were unforgiven by the plaintiff. The court also found that A. A. Gust was the owner of a long list of property; that, after the commencement of this action, the defendant Pauline Miller obtained two judgments against the defendant A. A. Gust, one for $27,925, and the other for $5,092.50; "that said two judgments above mentioned are valid and existing claims against the defendant Adolph A. Gust individually and personally;" that both of the judgments were obtained after the filing of notices of *lis pendens;* that Pauline Miller, in addition to the constructive notice by the *lis pendens* aforesaid, also had actual knowledge of the pendency of this action, the nature of the same, and the property rights claimed by the plaintiff; that the rights acquired by Pauline Miller under and by virtue of the two judgments were inferior to and subject to all the property rights which were awarded to the plaintiff.

The court, after finding that A. A. Gust and Pauline Miller had attempted to conceal and cover up the property of the defendant A. A. Gust, then found that the plaintiff

had obligated herself in the sum of $3,000 for attorney's
fees and suit money and that "the sum of $5,000 is a proper
and legal charge as attorneys' fees to be allowed to the plain-
tiff as against the defendant Adolph A. Gust and his prop-
erty."

The court thereupon awarded the plaintiff one-half of all
the property of A. A. Gust, and ordered a receiver appointed
to take charge of all the property, marshal the assets and
liabilities, and to dispose of such portion of the property as
might be necessary to protect the interests of the parties to
the action.

Thereupon the court entered a decree divorcing the plain-
tiff from the defendant A. A. Gust, authorizing the plaintiff
to resume her maiden name, and directing that the defendant
A. A. Gust should, within three days, pay into the registry
of the court the sum of $3,000 as suit money, and the sum
of $5,000 as attorney's fees, and ordered set off to the plain-
tiff for her maintenance, support and alimony, one-half of
all the property of the defendant A. A. Gust, at the time of
the entry of the decree.

The court also adjudged that the claims of the defendant
Pauline Miller, based upon her judgments for $27,925 and
costs, and for $5,092.50 and costs, were subject to the
amounts and allowances decreed to the plaintiff, and were
made a charge upon and payable out of the interest of A. A.
Gust in his property, after deducting the amounts and al-
lowances to the plaintiff.

Thereupon the court appointed one H. B. Martin as re-
ceiver of all the real and personal property of the defendant
A. A. Gust, and ordered that, within three days from the
entry of the decree, he turn over and deliver to the receiver
all deeds, conveyances, and abstracts of title, and also all
real estate, contracts, notes, mortgages, money, bank deposits
and other personal property of which he was the owner. It
was further ordered that the receiver take possession of all

the property and hold the same subject to the further order of the court.

The defendant A. A. Gust appeals from the whole of the judgment. The defendant Pauline Miller appeals from that part of the judgment which decreed that her judgments were subject to the allowances to the plaintiff, and from that part of the judgment appointing a receiver and ordering the receiver to take charge of the property.

The principal argument of the appellants is that the evidence fails to show adultery. At the time the cause was here upon the former appeal, we were of the opinion, as stated, that, if the evidence offered on behalf of the appellant was accepted as true, the respondent A. A. Gust was guilty of adultery. Upon the trial of this case, the evidence was substantially the same as upon the former trial. The appellant A. A. Gust denied that he had committed adultery since his marriage to the respondent, and his evidence tended strongly to show that he had not committed adultery, that the principal witnesses of the respondent were unworthy of belief, and that he had no opportunities to commit adultery as charged. If the trial court had found in favor of the appellant A. A. Gust upon this issue, we would unhesitatingly affirm the judgment. As the case stands before us now, there is evidence in the record which, if true, tends strongly to sustain the finding. The whole case upon this question depends upon whether the witnesses for the respondent shall be believed, or whether their statements should be disregarded. In this view of the matter, we are inclined to sustain the finding of the lower court.

We are satisfied that the trial court erred in concluding that the judgments obtained by Pauline Miller after the pendency of the divorce case are subject to the claims of the respondent. It is true, notices of *lis pendens* had been filed in every county in the state wherein the appellant A. A. Gust held property. No doubt debts incurred by A. A. Gust after the filing of these notices of *lis pendens* were incurred

with notice of the pendency of the action. But the contracts upon which Pauline Miller obtained her judgments were entered into long prior to the marriage of Mr. and Mrs. Gust. The filing of these *lis pendens* notices did not change her status or relegate her right to recover subject to that of Mrs. Gust. It is not claimed in this action that any of the property in controversy is the community property of Gust and wife. It appears to have been all obtained by Mr. Gust prior to his marriage. The claims of Miss Miller against A. A. Gust were found by the trial court to be valid claims. The judgments were valid judgments against his property, and we think, in justice, should be paid out of his property before his own or his wife's interest may be considered. If these obligations had been created after the divorce action was begun, a different question would be presented. In the case of *Houston v. Timmerman,* 17 Ore. 499, 21 Pac. 1037, 11 Am. St. 848, 4 L. R. A. 716, the court, in considering the same question as is presented here, said:

"If the defendant Houston had conveyed away the property to another with the object of defeating her right, upon a decree for divorce, to any interest in his lands, such purchaser may be affected with the rule of *lis pendens* in such case; but that is not the question here, and which it will be time enough to decide when properly presented for our consideration. The debt which the defendant Houston owed the defendant Timmerman was contracted long before the suit for divorce was commenced, or the cause or ground of the divorce existed, and doubtless the credit was given on the faith of the property, a part of which included the property in dispute, then owned by Houston. There is no pretense of any fraud or collusion, or that the debt is not an honest obligation which Houston ought to have paid long before the divorce proceeding was instituted. Although the commencement of the divorce suit might result in a decree which would affect the property of the defendant, the property was not the subject specifically of the litigation, and by reason thereof was not withdrawn from such burdens as might be legally imposed upon it for just claims upon judgments recovered

and docketed against its owner prior to divesting him of his title by force of the statute under the decree."

And so it is in this case. The contracts upon which Miss Miller obtained her judgments against A. A. Gust, were entered into prior to his marriage to Mrs. Gust. After the marriage, the property was still his separate property and is bound to pay his separate obligations first. No case has been cited to us which holds, under circumstances which exist here, that a divorce judgment may be made prior to the debts of the husband, especially where it is not shown that the property awarded to the husband is more than sufficient to satisfy his just debts. The court, therefore, erred in concluding that the judgments of Pauline Miller should be subject to the judgment of the wife.

There is no reliable testimony in the record as to the value of the property owned by the appellant A. A. Gust at the time the action was begun. The respondent states that, at the time she married the appellant A. A. Gust, he made the statement that his property was worth about $250,000. When her complaint was filed, she alleged that it was of the value of $200,000. Upon applications for suit money, alimony, and attorneys' fees, affidavits were introduced which tended to show that the property was worth much less than $100,000; that there were numerous items of indebtedness and mortgages against the property. No pains were taken by either party to show the value of the property. The record shows that, after Miss Miller obtained her judgments, executions were levied upon the greater portion of the property, and it was bid in by her in satisfaction of her judgments. If she shall now be relegated to one-half of the property of the appellant A. A. Gust, it is very doubtful if the amount of her judgments may be made therefrom. In reason and in justice, we think her claims should be paid before that of an allowance to the divorced wife.

It is also argued by the appellants that the court erred in awarding one-half of the property to the respondent.

The statute provides, at § 989, Rem. & Bal. Code (P. C. 159 § 15) that, in granting a divorce, the court shall make such disposition of the property as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired. As above stated, it is not claimed that any of the property was community property. It does not appear that, at the time the appellant A. A. Gust was married to the respondent, she had any property. After the marriage, certain pieces of property purchased by her husband were deeded to her.

Mr. and Mrs. Gust were married on November 10, 1910. She lived with him about nine months. She brought this action on August 28, 1911. The respondent, at the time of her marriage, was 41 years of age. Mr. Gust was fifty years old. No children were born to them, and none are to be considered in this action. If the amount of the property owned by the appellant A. A. Gust at the time of the entry of the decree was $200,000, as was stated by the respondent in her complaint, it is apparent that it would be unjust to award her one-half thereof.

We are also of the opinion that there was no necessity for a receiver in this case. The appointment of a receiver only tended to complicate the case, which is already much more complicated than necessary, and to prolong the litigation. The property in question at the time of the decree was all real estate. There was no personal property. The court had jurisdiction of the parties and the property. If a division was necessary, a portion could have been awarded to each by the decree without the intervention of a receiver or any other person. We think in this case it would not only have been proper, but much more reasonable for the trial court to have awarded a money judgment instead of a division of the property. The property is scattered in different counties of the state. Very little of it is income producing property, and all of it was bought for the purpose of resale. The appellant

Gust was a real estate dealer and he can, therefore, more readily convert the real estate into money than any other person. We are, therefore, inclined to modify the decree so that the respondent shall recover a money judgment.

In view of the fact that this case has been before this court upon five occasions previous to this upon questions arising out of the main case and in the main case, we think that the fee allowed to counsel for the respondent is not unreasonable.

We are also of the opinion that the respondent, instead of having one-half of the real estate, should receive a money interest to the amount of $12,000 and her costs of this case, and that the same, together with the attorneys' fees, should be made a lien upon the property of the appellant A. A. Gust, subject to the claim of the appellant Pauline Miller, and other legal debts contracted prior to the action.

The judgment appealed from is, therefore, modified so that the claim of the appellant Pauline Miller shall be a preferred claim against all the property of the appellant A. A. Gust. The respondent's award at $12,000 and her attorneys' fee shall next be paid out of the estate; to be paid one-half in six months from the entry of the final decree herein and the other half in one year therefrom, with interest at the legal rate; and if not so paid, then a judgment shall be entered against the sureties upon the supersedeas bond on this appeal. After these claims have been paid, the balance of the property shall be awarded to the appellant A. A. Gust, free and clear of the claims of the respondent. The receiver shall be discharged and the cost of the receivership, if any, shall be paid by the respondent. No suit money shall be allowed, but the real estate standing in the respondent's name shall be awarded to her, subject to the mortgages she has made thereon.

The cause is remanded with instructions to enter a judgment as herein indicated.

CROW, C. J., FULLERTON, MORRIS, and PARKER, JJ., concur.