[No. 12816. Department One. December 11, 1915.]

SARAH A. GUST, *Appellant*, v. EDWARD JUDD, *Respondent*.[1]

APPEAL—PARTIES—NECESSARY PARTIES—NOTICE. In a proceeding under Rem. & Bal. Code, §§ 137, 138, to set aside a lien for the plaintiff's attorney's fees, in which only the attorneys appeared to contest the claim, other parties and creditors interested in the fund are not necessary parties to an appeal from the judgment establishing the lien, and need not be served with notice of the appeal.

ATTORNEY AND CLIENT—COMPENSATION—CONTRACT—EVIDENCE—SUFFICIENCY. A finding that an attorney's fee of twenty per cent of the value of the property recovered, in addition to an allowance of $5,000, was agreed upon between the attorney and client is not sustained by the evidence, where it appears that the attorney had drawn a written agreement to that effect which the client refused to sign, and that subsequently, upon recovering judgment, the attorney filed a lien for his services in the sum of $5,000, limiting the same to the amount allowed by the court and claimed by the client as the amount agreed upon.

SAME—COMPENSATION—CONTRACT—ALLOWANCE BY COURT—DIVORCE —ATTORNEY'S FEES. Where the supreme court had fixed the allowance for attorney's fees in a divorce action at $5,000, in full for all services, without knowledge of any agreement between attorney and client for a fee equal to twenty per cent of the value of the property recovered, which would have been less than $5,000, that sum is the most the attorney can recover and he is not entitled to the agreed upon fee in addition to the court's allowance.

ACCOUNTING—PLEADINGS AND EVIDENCE—SUFFICIENCY. Upon an accounting, in which a party admitted by his pleadings the possession of a certain sum belonging to the plaintiff, the court is not warranted in reducing such amount, especially where the party's statement made all the deductions to which he was entitled.

ATTORNEY AND CLIENT—LIEN—RIGHT TO LIEN—UNPAID CLAIMS FOR EXPENSES. Until an attorney has paid claims for expenses incurred in the litigation, he cannot claim a lien on the judgment therefor, although they are proper to be allowed as expenses and he is secondarily liable thereon, having promised to pay them.

Appeal from a judgment of the superior court for King county, Humphries, J., entered December 31, 1914, upon

[1]Reported in 153 Pac. 309.

findings in favor of the defendant, in an action to set aside an attorney's lien and for an accounting, tried to the court. Reversed.

*E. M. Farmer*, for appellant.

*Willett & Oleson*, for respondent.

MOUNT, J.—This is a proceeding in the case of *Gust v. Gust*, brought under Rem. & Bal. Code §§ 137, 138 (P. C. 25 §§ 35, 37). Mrs. Gust alleges that her counsel, Edward Judd, has $750 in his hands belonging to her which he refuses to account for; that he claims an attorney's fee largely in excess of an agreement made between them; and prays that an attorney's lien filed against the judgment in the case of *Gust v. Gust* be set aside, and for an accounting.

In answer to the petition, Mr. Judd admits that he has funds in his hands amounting to $268.22 belonging to the petitioner, but alleges that he has a contract with the petitioner to the effect that he should receive for his services the amounts allowed by the court as attorney's fees, and, in addition thereto, a sum equal to twenty per cent of the money or property awarded to the petitioner in the divorce action; that the total amount of his fee is $7,400.

Upon these issues, the case was tried to the court without a jury, findings were made substantially as claimed by Mr. Judd, and a judgment was entered to the effect that Mr. Judd should have a lien upon the judgment in the divorce action for $5,000, the amount allowed therein as attorney's fees in *Gust v. Gust*, 78 Wash. 414, 139 Pac. 228, and in addition thereto, for twenty per cent of $12,000 awarded to Mrs. Gust; and also for $970.20 for several claims which Mr. Judd testified he was "secondarily" liable to pay as expenses in the trial of *Gust v. Gust* and other cases arising out of that case. Mrs. Gust has appealed from that judgment.

The respondent moves to dismiss the appeal, to strike the statement of facts, and to strike the appellant's abstract. The motion to dismiss the appeal is based upon the ground that Adolph A. Gust, Pauline Miller, the National Surety Company, and the creditors who had performed services for Mr. Judd in the litigation, for whose claims a lien was awarded to Mr. Judd in the sum of $970.20, were not served with the notice of appeal. It is sufficient to say that none of these parties was served or appeared in this proceeding. All of the questions presented were litigated by Mrs. Gust and by Mr. Judd, her attorney, and the judgment, of course, affected only these parties. Mr. Judd was the only party who appeared, or who was interested in the litigation, and it was therefore not necessary to serve other parties whose rights were not and could not be affected. *Sudden & Christenson v. Morse*, 48 Wash. 101, 92 Pac. 901; *Iverson v. Bradrick*, 54 Wash. 633, 104 Pac. 130. There is clearly no merit in this motion to dismiss the appeal, or in the motions to strike the statement of facts or the abstract. The motions are denied.

After the final judgment in the case of *Gust v. Gust*, Mr. Judd filed an attorney's lien upon the judgment rendered in favor of Mrs. Gust, claiming an attorney's lien of $5,000. Some time after February, 1914, Mr. Judd rendered a statement to Mrs. Gust of the moneys which had come into his hands to be used in the litigation arising out of the case of *Gust v. Gust*, showing a balance in favor of Mrs. Gust amounting to $268.22. The principal questions tried upon the hearing were: First, What was the contract between Mrs. Gust and her attorney, Mr. Judd; and second, What was the balance due upon the accounting?

The trial court was of the opinion that the contract between the parties was as claimed by Mr. Judd. We have read the record with some care, and it appears therefrom that there is some dispute as to what the contract really was. Mrs. Gust claimed and testified that the contract first was

that Mr. Judd was to receive ten per cent of the money or property recovered; that subsequently, after this court had reversed the first case and sent it back for a new trial, the agreement was changed so that Mr. Judd should receive twenty per cent of the amount of the property recovered, and that this twenty per cent should be calculated upon the attorney's fee allowed to him as well as upon the property awarded to her, so that his total fee should be twenty per cent only of the whole amount recovered.

Mr. Judd claimed and testified that the agreement was that he should receive for his compensation the whole amount allowed as attorney's fees, and in addition, twenty per cent of the amount awarded to Mrs. Gust. Two other witnesses testified on behalf of Mr. Judd to the effect that they heard some conversation between Mrs. Gust and Mr. Judd relating to the attorney's fee, and that the attorney's fee was to be twenty per cent of the amount collected for Mrs. Gust, irrespective of the attorney's fee.

Both parties agreed that there was some change in the contract pending the litigation. It is conceded that Mr. Judd prepared a written contract, which is in the record and which recites, in substance, that Mr. Judd is to receive $5,000 as attorney's fees; and of whatever else is obtained in property or money, Mrs. Gust is to receive eighty per cent and Mr. Judd twenty per cent. This contract was dated on September 18, 1913. When it was presented to Mrs. Gust she refused to sign it, which indicates very clearly to our minds that she refused to make the agreement which Mr. Judd claims was made. Furthermore, after the judgment of this court in *Gust v. Gust*, 78 Wash. 414, 139 Pac. 228, was filed, Mr. Judd filed a lien upon that judgment claiming an attorney's fee of $5,000. This fact alone indicates quite clearly to us that, at that time, after the litigation was fully completed, Mr. Judd was claiming only $5,000 as an attorney's fee in this and other litigation arising out of it.

It is inconceivable to us that an attorney who has a contract with his client for his fee, after he has obtained a judgment upon which, under the statute, he is entitled to an attorney's lien, would file a claim of lien for less than the fee which had theretofore been agreed upon. We are convinced by this fact alone that, at the time the lien was filed, which was long after the fee was agreed upon, if it were agreed upon at all, Mr. Judd was convinced that his fee for the work he had done in this and other cases amounted only to the sum of $5,000. We are satisfied, therefore, that the court erred in finding that a contract had been entered into between Mrs. Gust and Mr. Judd by which Mr. Judd was to receive the allowance for attorney's fees, and in addition thereto, twenty per cent of whatever property or money was recovered for Mrs. Gust. The court, under the evidence, should have found that the plaintiff was entitled only to the sum of $5,000, which was allowed by this court.

When the case of *Gust v. Gust*, reported in 78 Wash. 414, 139 Pac. 228, was before us for determination, there was nothing in the record in that case to indicate that any fee had been agreed upon between the parties; and when we made the award of $5,000 for the benefit of counsel, we did so without knowledge of any contract. If we had known that there was a contract, we would have fixed the fee in accordance with that contract, and the fee would have been much less than $5,000. We did not intend in that decision to award any part of the counsel's fee to Mrs. Gust; we intended that sum to be in full for the services rendered in that case, and for all litigation arising out of it. We are satisfied that $5,000 is as much as should have been allowed for services.

Upon the question of the accounting, the trial court went fully into all the items and concluded that Mr. Judd still retained in his possession the sum of $168.22, which should be credited in favor of Mrs. Gust. It was admitted in the answer to the petition in this proceeding that Mr. Judd still retained in his possession $268.22 which belonged to Mrs.

Gust. The court arrived at its conclusion that the amount of $268.22 was $100 in excess of what should be credited to Mrs. Gust for the reason that four attorney's fees of $25 each had been credited to Mrs. Gust when they should not have been. We are satisfied that the trial court was too liberal in making this deduction. The statements made by Mr. Judd contained at least all the deductions he was rightly entitled to make, and we are of the opinion that the admission in the answer that $268.22 was in his hands should have been found by the court as the correct amount upon the accounting.

Upon the trial, Mr. Judd testified that there were several items amounting to $970.20 which had not been paid, and which he had promised the claimants would be paid. The trial court, upon this evidence, allowed Mr. Judd a lien upon Mrs. Gust's judgment of $12,000 for the amount of these claims. We are satisfied that this was error. If these are proper claims to be allowed as expenses, and were incurred by Mr. Judd during the litigation, Mrs. Gust is no doubt liable therefor; but until Mr. Judd has paid these claims, he clearly is not entitled to a lien against the judgment for the amount thereof. So far as this record shows, the claims seem to be just claims; and it may be that Mr. Judd, as he testified, is "secondarily" liable. But the mere fact that he is secondarily liable does not authorize the court to enforce a lien in his favor against the judgment of Mrs. Gust. The only lien which he is entitled to against the judgment in favor of Mrs. Gust is a lien for his fee of $5,000, less the deduction of $268.22, which we have found above is in his hands to the credit of Mrs. Gust.

The order appealed from is therefore reversed, and the cause is remanded to the lower court with directions to enforce a lien in favor of Mr. Judd for the attorney's fee of $5,000, less $268.22. The appellant will recover her costs.

Morris, C. J., Chadwick, Ellis, and Fullerton, JJ., concur.