[No. 21370. Department Two. January 31, 1929.]

J. A. DAVIS *et al., Respondents,* v. BIGELOW BUILDING COMPANY, *Appellant.*[1]

*Carkeek, McDonald & Harris* and *Albert H. Solomon,* for appellant.

*Stratton & Kane,* for respondents.

FRENCH, J.—The Bigelow Building Company, appellant herein, is the owner of a large building in the city of Seattle, containing offices and storerooms as well. The respondents, Davis Bros., became tenants of the building company early in 1924 under a long-time lease. This action was brought to reform the lease by striking therefrom certain paragraphs providing for a charge to be made against respondents for water and heat, upon the grounds that the same were inserted in the lease by mutual mistake. Certain other relief was asked for and granted by the lower court, but there seems to be no complaint on the part of appellant excepting as to the part of the judgment allowing reformation of the lease.

There is practically no controversy as to the facts.

[1]Reported in 274 Pac. 106.

All of the witnesses who testified on the subject stated that the matter of heat and water and the charges therefor were discussed prior to the drawing up of the lease, and it was agreed that there should be no charge therefor. The respondents, shortly after receiving their copy of the lease, noticed the provision therein providing for a charge for heat and water, called the attention of the president and manager of the Bigelow Building Company to this provision, and were assured that it was a mistake and that there would be no charge made therefor; and as a matter of fact there was no charge therefor for a period of about three years.

As we gather from the record in this case, shortly before the charge was made for heat and water, there was a change in the ownership of the stock of the Bigelow Building Company, and one S. B. Asia became the manager of the properties. But a change in the ownership of the stock does not change the obligations of the corporation. All of the evidence in this case conclusively shows that both parties understood that there was to be no charge for heat and water, and for a period of practically three years this clause in the contract was ignored. The situation of the parties does not change because of a change of ownership of the stock of the corporation. *Stewart v. Walla Walla Printing & Publishing Co.*, 1 Wash. 521, 20 Pac. 605; *Whitfield v. Nonpariel Consolidated Copper Co.*, 67 Wash. 286, 123 Pac. 1078, 41 L. R. A. (N. S.) 187.

The question involved in this action is purely one of fact, and the facts tending to establish respondents' cause of action are practically uncontradicted.

The judgment is affirmed.

Parker, Main, and Fullerton, JJ., concur.