[No. 55. Decided October 27, 1890.]

### THE SKAGIT RAILWAY AND LUMBER COMPANY v. H. D. COLE.

#### APPEALS — PRACTICE — RULES OF COURT.

As the constitution of this state provides that the supreme court shall always be open for the transaction of business, except on non-judicial days, there are no terms of the supreme court in the sense in which they were formerly held, but only a division of its sittings into sessions. Hence, § 460, Code Wash. T., requiring causes to be filed in this court fifteen days before the first day of the next succeeding term, no longer applies in such cases.

There being no statute prescribing the time within which the transcript on appeal must be filed in the supreme court, reference must be had to the rules of this court to determine the time within which the transcript should be prepared and filed.

If sufficient cause is shown for the failure of appellant to file his briefs, as required by the rules of this court, the court will deny a motion to affirm the judgment, and will grant appellant an extension of time within which to file briefs.

*Appeal from Superior Court, Skagit County.*

Motion by appellee to affirm the judgment of the superior court. The facts sufficiently appear in the opinion.

*J. C. Haines*, for appellant.
*Ronald & Piles*, for appellee.

The opinion of the court was delivered by

Scott, J. —Appellee moves to affirm the judgment for the following reasons: That the appellant failed to cause a transcript to be prepared; and also failed to file its briefs within the required time; and he alleges that the same was due to the negligence of appellant.   Judgment was rendered in the court below December 19, 1889, and on the same day appellant gave notice of appeal to this court under the act passed in 1883.

Although the motion purports to be based solely upon the rules of this court, counsel for appellee, in his argument, cites us to § 460 of the code, which required causes te be filed fifteen days before the first day of the next succeeding term, etc., and also to the case of *Haas v. Gaddis, ante*, p. 89, decided by us regarding the same.   Since that case was appealed, our constitution has been adopted, which provides that the supreme court shall always be open for the transaction of business except on non-judicial days. Consequently there are no terms of the supreme court, in the sense in which they were formerly held, but only a division of our sittings into sessions to facilitate the orderly arrangement and dispatch of business for the convenience of all concerned, and the authority cited no longer applies. This being so, we can look only to our rules for guidance in this matter.

It appears by the record that the statement of facts was settled March 12, 1890, and the cause was filed in this court on May 16th, following.   Prior thereto, on May 9th, appellee filed his motion aforesaid.   Rules 6 and 9 of this court, which went into effect March 1st last, are the only ones bearing upon this subject.   The motion was not called up for hearing by either party until the present ses-

sion, and now appellee, as an additional reason for granting it, calls our attention to the fact that appellant has not as yet filed a brief nor made any application to be allowed to file one until this hearing.    We are all of the opinion that the motion must be determined by the *status* of the case at the time the motion was filed, and, as a matter of practice, we think appellant could well wait the hearing, and make its application at such time for permission to file its briefs, based upon such a showing by way of excuse for the failure to file within time as it could make.    The statute (Session Laws 1889–90, p. 323, § 12) authorizes this court to make such rules as shall be deemed most conducive to the administration of justice, except as otherwise provided by law, and, as at said time there was no law relating to such proceedings in this particular, rules 6 and 9 were accordingly duly authorized, and, doubtless, could have been adopted in the absence of any express power conferred by the legislature.    The same have not been abrogated by statute, or otherwise, but, if anything, have been confirmed by subsequent legislation.    See the act to be found at page 333 of the same session laws, more particularly § 7.    Section 2 of this act, however, makes some changes in the giving of the notice of appeal, and § 3 in effect requires the transcript to be certified when made; as to these matters rule 6 should now be read in the light of those sections, in cases appealed since June 26th last, the act having gone into effect June 27th.    Rule 9 contains the following provision: " In cases appealed to this court since the last term of the supreme court of Washington Territory, and in which no transcripts or briefs have been filed, parties shall have the time fixed by rule 6 in which to cause transcripts to be prepared, and in which to serve and file briefs. " This would extend the time for filing appellant's brief in this case thirty days from March 17th, the time when the rules went into effect.    The appellee would have twenty days thereafter within which to file his briefs; and

the appellant ten days more to file a reply brief, making in all sixty days from March 17th. Rule 6 further provides that the transcript shall remain on file in the office of the clerk of the superior court until all the briefs are filed. No briefs having been filed in the superior court clerk's office, said clerk sent the record to this court, and it was filed here on the last day within which to file briefs. It was sent somewhat in advance of the time prescribed by rule 6, as in this instance it should have remained on file in the lower court for the full period of sixty days after March 17th. Where no bill of exceptions or statement of facts is settled, the time would be ten days less, and, except as to those cases where the clause in rule 9, quoted, applies, the time would run from the giving of the notice of appeal, or the settlement of a bill of exceptions or a statement of facts in those cases where the same are settled.

As to the time of the preparation of the transcript at which the motion was directed, no proof has been submitted to us. The only law in force at that time relating thereto is found in § 1 at page 59 of the Session Laws of 1883, which, in effect, requires the clerk to make the transcript within a reasonable time after the giving of the notice of appeal, and to cause the same to be filed with the clerk of the supreme court within the time allowed by law. As said in *Haas v. Gaddis*, § 460 of the code is the only place where the time of filing was prescribed, and that is not applicable to this case, owing to the fact that terms had previously been abolished. This court has at all times recognized the uncertainty of the state of the practice existing during the period of transition from a territorial to a state government, and, owing to the consequent embarrassment attorneys and litigants were placed under, has been as lenient in each particular case as the circumstances thereof would permit, and also had the same in view when the rules of practice referred to were adopted, notably the clause mentioned of rule 9. It is evidently within the pur-

view of the laws relating to the practice, and is also the opinion of the court, that technical omissions or imperfections in the procedure should not be allowed to defeat the ends of justice or prevent a hearing upon the merits, yet a due regard must be had to the requirements of the statutes and rules relating thereto, and flagrant or willful violations should not be allowed to go unnoticed. Under the 1883 act the statement could have been settled at any time within a reasonable time after judgment, upon giving ten days' notice thereof, said act only having required notice of such settlement to have been given within thirty days after the rendition of judgment, and not prescribing the time within which settlement should be made. Under the law as it now exists (see § 4, p. 334, Session Laws 1889–90), the time of settlement is fixed and limited, and can only be extended by the superior court or judge for sufficient reason, or by consent of parties. This law was not in force when this appeal was taken. No point is made in the motion, however, that the statement was not settled within a reasonable time, and we allude to these matters only to aid in arriving at an understanding of the practice. The rule requires the transcript to be prepared within thirty days after the giving of the notice of appeal, but does not require it to be filed in this court until after the time for filing briefs has expired.

We must presume in this case, in the absence of any showing to the contrary, that the transcript was prepared within the time allowed by rule 6, as aided by rule 9, in this instance, that is, within thirty days after March 17th. The clerk's certificate thereto, made May 13th, is not any evidence of the time when the transcript was actually prepared, as at that time he could make and append his certificate any time before the cause should be transmitted to this court, rule 6 only relating to the time of making the transcript, and no rule or statute then in force fixed the particular time when the certificate should be made. We

should be loth to affirm the judgment, however, or to dismiss an appeal for that reason, even if it did appear that the transcript was not prepared within the thirty days allowed therefor, where no delay was occasioned thereby, and certainly would not do so where a sufficient reason is shown for the failure.   In fact, the only reason appearing to us for requiring the transcript to be prepared in advance of the settlement of the statement of facts, or the time allowed therefor, is to promote the dispatch of such business and for the convenience of the court below and the parties in settling the statement or bill of exceptions, and of the parties in preparing briefs.   Section 3 of the act last cited requires the superior court clerk to make and certify the transcript as soon as may be in the due course of business, after the notice of appeal is given or filed, but does not otherwise fix the time, and the same sanction requires such clerk to cause the transcript to be filed with the clerk of the supreme court within the time provided by law. There is no statute prescribing the time within which the transcript must be filed in this court, and reference must still be had to rule 6 to determine the time within which the transcript should be prepared and subsequently filed here.

As to the failure of appellant to file a brief, and by way of excuse therefor, it makes a showing by its present attorney that the failure was due to a disagreement between appellant and one of its former attorneys, who seems to have had at that time personal supervision of the case, and to the refusal of said attorney to act in the premises, which, without giving the details thereof, we deem a sufficient showing.   The motion to affirm is therefore denied.

To determine this matter we have been required to examine into a voluminous record, which, in direct violation of rule 4 of this court, is not indexed, and its pages are not designated by numbers.   These omissions have seriously inconvenienced the court, and unless supplied will further

embarrass us and the appellee upon final hearing. As a condition precedent to any further proceedings in the cause by appellant, we shall require it to pay to appellee fifty dollars within twelve days from this time, after which payment and within said time appellant may serve and file its brief. Appellee shall have eight days thereafter within which to serve and file his brief, the appellant five days more to serve and file a reply brief. Appellant shall also within twenty-five days herefrom prepare a proper index to said record and cause its pages to be numbered.

ANDERS, C. J., and HOYT, and STILES JJ., concur.

DUNBAR, J., not sitting.