[No. 12105.   Department Two.   June 12, 1915.]

FLORENCE MURPHY WILLSON, *Respondent*, v. HERBERT E. WILLSON, *Appellant*.[1]

APPEAL—DECISION—JUDGMENT AGAINST SURETIES — BOND—SUPER-SEDEAS. Upon affirmance of a decree of divorce, with modifications as to the division of the property of the parties, requiring a money judgment against the defendant for attorney's fees and in lieu of specific property, judgment on the remittitur should be entered against the appellant and his sureties on the appeal and supersedeas bond, where the bond was in the statutory form under Rem. & Bal. Code, § 1722, conditioned to satisfy and perform the judgment or decree appealed from in case it should be affirmed, or any judgment the supreme court may render or order; in view of Id., § 1739, requiring judgments against the sureties for the amount recoverable according to the condition of the bond.

SAME—JUDGMENT—CORRECTION OF REMITTITUR. Upon application and with due diligence (five days after filing the remittitur) the supreme court will recall the remittitur to correct an inadvertent omission in failing to direct entry of judgment against the sureties on an appeal and supersedeas bond, upon affirmance of the decree.

Motion to recall a remittitur, filed in the supreme court April 12, 1915.   Granted.

*Bates, Peer & Peterson*, for appellant.

*Miller & Lysons*, for respondent.

ELLIS, J.—This case is here upon a motion of the respondent to correct the remittitur so as to include therein a judgment against the sureties on the appeal and supersedeas

[1]Reported in 149 Pac. 328.

bond for the amount of the money judgment rendered against the appellant.

On the appeal, we affirmed the decree of divorce in favor of the respondent, affirmed the judgment for $1,000 attorney's fee and the award of the custody of the child to the respondent, and directed a modification of the decree, in so far as it awarded one-half of the appellant's property to the respondent, by substituting therefor a money judgment, the opinion closing as follows:

"We are of the opinion that the decree should be modified so as to give to the respondent a judgment against the appellant for $10,000, payable $2,000 in three months from the entry of the decree, $3,000 in six months after the first payment, and $5,000 in six months after the second payment, none of these sums to bear interest until after maturity; that there should also be awarded to the respondent the sum of $25 a month for the maintenance of the child during its minority, payable into the registry of the court on the 15th of each and every month from and after the entry of the decree; that there be allowed to respondent's attorneys the sum of $1,000 as an attorney's fee, which under the circumstances of this case we find reasonable, which sum shall be paid by the appellant within three months after the entry of the decree, without interest; that all of these charges, save the monthly payments for the child's support, be declared a lien on all of the stock and assets of the corporation, subject to any existing incumbrances thereon and subject to the pledge of the four hundred shares of stock in favor of Boone. The decree should also provide that appellant be permitted to visit the child at some suitable place other than the residence of any of respondent's relatives twice each month. The respondent may recover her costs.

"The cause is remanded with direction that the decree be modified to conform to this opinion." *Willson v. Willson*, 84 Wash. 240, 146 Pac. 615.

The bond is conditioned as follows:

"Now Therefore, if the said Herbert E. Willson, appellant as aforesaid, will pay all costs and damages that may be awarded against him on said appeal, or on the dismissal

thereof, not exceeding the sum of two hundred ($200) dollars, and will satisfy and perform the judgment and decree appealed from, in case it should be affirmed, and any judgment or order which the supreme court may render or make, or order to be rendered or made by the above entitled court, then this obligation to be void, otherwise to be and remain in full force, virtue and effect."

This bond follows the statutory requirements contained in Rem. & Bal. Code, § 1722 (P. C. 81 § 1195). As to the power of the court in the premises, the statute, Rem. & Bal. Code, § 1739, provides:

"Upon the affirmance of a judgment or (on) appeal for the payment of money, the supreme court shall render judgment against both the appellant and his sureties in the appeal bond for the amount of the judgment appealed from (in case the bond was conditioned so as to support such judgment) and for the damages and costs awarded on the appeal; and in any other case of affirmance the supreme court shall likewise render judgment against both the appellant and his sureties in the appeal bond for the amount recoverable according to the condition of the bond, in case such amount can be ascertained by the court without an issue and trial."

The judgment in this case on appeal was in effect an affirmance. It affirmed the decree of divorce and, as ancillary thereto, awarded a money judgment in lieu of specific property. Under the statute, it is clear that the respondent is entitled to judgment against the sureties for the determinate amounts of the attorney's fee and the $10,000 awarded against the appellant enforcible against the sureties in case these sums be not paid by the appellant when due. *Gust v. Gust*, 78 Wash. 414, 139 Pac. 228.

The matter of this bond was not called to our attention in the original briefs, nor by petition for rehearing or for modification of the opinion. The fact that the respondent was entitled to judgment against the sureties upon the bond was overlooked. This, however, is immaterial. While it would have been entirely proper to have included in our opin-

ion a specific order to enter judgment against the sureties, as was done in the case of *Gust v. Gust, supra* (an almost exact parallel to this case), it is not an essential and, as a matter of practice, is not often done, the usual course being to include the order in the remittitur as a matter of course where a money judgment is warranted by the opinion read in the light of the statute. In such a case, the warrant for the judgment is found in the mandatory terms of the statute, rather than in any express direction in the opinion.

The fact that the time for a rehearing has expired does not preclude a recall and correction of the remittitur where, as in this case, the application has been made with due diligence. In this case the remittitur went down on April 7, 1915. The motion here under consideration was filed on April 12, 1915. As said in *Titlow v. Cascade Oatmeal Co.*, 16 Wash. 676, 48 Pac. 406:

"The respondent now seeks by this motion to have the judgment modified to the extent that judgment be entered against the appellant Richards and his sureties for the full amount of the judgment affirmed.

"An objection to this motion is made by the appellant to the effect that this court has lost jurisdiction of the cause and of the judgment by reason of the remittitur having been transmitted to, and filed in, the superior court. We think this objection is untenable. The appellate court has inherent power to correct its judgment during the terms in which the judgment was entered. The respondent, under our practice, has no notice of what the judgment is until it is remitted. The presumption must be that the judgment is entered in accordance with the opinion of the court, and it would be a hard and unjust rule to announce that, if by inadvertence or mistake the judgment should be entered not in conformity with the opinion, the respondent would have no redress. We think that in all jurisdictions, under a practice similar to ours, the court has power to recall the remittitur and enforce the judgment according to the opinion rendered in the case."

See, also, *Port Angeles Pac. R. Co. v. Cooke*, 38 Wash. 184, 80 Pac. 305. Even though it were necessary to include

such an order in the opinion, we would not be powerless to correct its inadvertent omission when discovered only after the transmission of the remittitur and on prompt application for the correction. *Peabody v. Edmonds*, 72 Wash. 604, 131 Pac. 250.

We are satisfied that, on the record in this case, the remittitur should be recalled and corrected so as to include therein a judgment against the sureties upon the supersedeas bond for the attorney's fee of $1,000 and the $10,000 awarded against the appellant, payable as in the judgment against the appellant, and to be enforcible as other judgments, in the event that the appellant fail to pay the judgment at the times specified therein. This should not include the provision for the $25 a month made for the support of the child, which is contingent upon the child's life and hence indeterminate. This provision is sufficiently secured and enforcible by the usual proceedings as for contempt.

The clerk of this court is therefore directed to recall the remittitur and correct the same as herein directed.

Morris, C. J., Main, Fullerton, and Parker, JJ., concur.