[No. 14243.   Department Two.   August 24, 1917.]

THE STATE OF WASHINGTON, *on the Relation of E. M. Gordon et al., Plaintiff*, v. EVERETT SMITH, *Judge etc., Respondent.*[1]

APPEAL—DECISION—EFFECT — ENFORCEMENT.   Upon affirmance of a judgment for rescission which definitely fixed the rights of the parties, any subsequent orders must be confined to such as are necessary to carry the judgment into execution.

JUDGMENT—ALTERNATIVE RELIEF — ELECTION — EFFECT.   Where a judgment for the rescission of an exchange of properties was in the alternative, granting defendants an option to reconvey within thirty days or submit to a judgment for the value, failure to convey within the thirty days was an election to keep the property, binding upon all parties, and entitling the plaintiff to judgment for the value.

JUDGMENT—RELIEF AWARDED—COMMISSIONER'S DEED — DEATH OF PARTY—TITLE CONVEYED.   Upon the death of one of the parties who were adjudged to make a reconveyance of property, the deed of a commissioner appointed to make the same conveys all the title of the survivor and of the estate, with special warranties.

APPEAL — DECISION — REMAND — ADDITIONAL RELIEF — POWER OF LOWER COURT.   Upon the affirmance upon appeal of a decree for the reconveyance of property, the respondent must look for any relief on account of loss caused by negligent acts pending appeal, to the special warranties in the commissioner's deed directed to be given and cannot apply to the lower court for additional relief upon the going down of the remittitur.

SAME—DECISION—PROCEEDINGS AFTER REMAND.   Where the right to a sum of money was left undetermined by a judgment for the rescission of an exchange of properties, although it might and should have been, the lower court must determine the same upon affirmance of the judgment and the going down of the remittitur.

Application filed in the supreme court June 8, 1917, for a writ of mandamus to compel the superior court for King county, Smith, J., to sign a decree as directed on remand from the supreme court.   Granted.

*Byers & Byers*, for relators.

*Wilson R. Gay*, for respondent.

[1]Reported in 167 Pac. 91.

FULLERTON, J.—This is an original application for a writ of mandamus. To an understanding of the questions involved, a somewhat extended statement of the facts is necessary.

On July 7, 1913, the relator, E. M. Gordon, and his then wife entered into a contract with C. D. Hillman and Bessie Olive Hillman, his wife, for an exchange of properties. The property to be exchanged on the part of the Gordons consisted of three separately described tracts of real property situated in King county, together with certain furniture and fixtures then in an apartment house erected on one of such tracts. The property on the part of the Hillmans consisted of numerous described tracts of real property situated in the counties of King, Thurston and Mason, together with a number of promissory notes payable to C. D. Hillman, with certain securities. The transfer of the properties was made on the day following the execution of the agreement, and was made subject to the existing liens then on the properties and subject to the taxes for the year 1912.

Shortly after the completion of the transaction, Gordon and wife conceived that they had been defrauded thereby, and instituted an action of rescission. In this action they were successful, the judgment of the trial court being affirmed in this court on the appeal of Hillman and wife. *Gordon v. Hillman*, 91 Wash. 490, 158 Pac. 96.

The judgment directed that the defendants, within thirty days after the entry thereof, or, in case of an appeal and an affirmance of the judgment by the appellate court, within thirty days after the return of the remittitur from such court, reconvey to the plaintiffs by a special warranty deed the real property conveyed to them by the plaintiffs; or, in default of such conveyance, that the plaintiffs have judgment against them in the sum of $42,000; also that they convey by bill of sale, within a like period of time, the furniture in the apartment house, or in case of default, that the plaintiffs have judgment against them for the sum of $2,500. It was also

provided that the conveyances be made subject to all liens and incumbrances on the property existing on the 7th day of July, 1913, and also subject to all taxes subsequently accruing upon the property. The judgment likewise provided for a reconveyance and assignment to the defendants by the plaintiffs of all of the property conveyed and assigned to them, within sixty days after the date of the judgment, subject to the liens existing on the property at the date of the original conveyance and subject to the subsequently accruing taxes. The judgment also provides: It is,

"Further ordered, adjudged and decreed that within thirty days from the date of the entry of this decree, or within thirty days of the filing of the remittitur herein in the event that this cause is appealed to the supreme court, and forthwith upon reconveyance by defendants as above provided, that the plaintiffs repay to the defendants the sum of $4,369.01, said principal representing sums expended by the defendants upon properties conveyed by plaintiffs to defendants and herein directed to be reconveyed as shown in defendant's exhibit 25, and it is

"Further ordered, adjudged and decreed, that the said plaintiffs, in default of the reconveyance of the above mentioned note of $2,000, together with the mortgage securing the same given by one Gorman, shall pay to the defendants the sum of $1,000 hereby fixed as the value of said note and mortgage, and it is

"Further ordered, adjudged and decreed that the question of liability of plaintiffs to repay to the defendants the sum of $459.78, with interest thereon, being the amount represented by a certain note made by plaintiffs, E. M. Gordon, to the defendant on July 15th, 1913, is hereby left specifically undetermined and to be determined by supplemental decree herein. It is

"Further ordered, adjudged and decreed that if the parties hereto fail, neglect or refuse within the period herein named to make conveyances herein as ordered, that a commissioner be appointed to make such conveyances. It is

"Further ordered, adjudged and decreed that the plaintiffs account for any interest or other payments received from

the properties conveyed to them by the defendants under said agreement of July 7, 1913. It is

"Further ordered, adjudged and decreed that plaintiffs have and recover of and from the defendants herein, their costs and disbursements to be taxed."

The remittitur from this court was returned to the lower court on April 2, 1917. The defendants did not tender within the thirty days after the return of the remittitur, nor have they since tendered, a reconveyance of the property as directed in the judgment. They did, however, "on or about May 1, 1917," file in the cause a verified petition in which they set forth certain facts thought to entitle them to relief against the judgment. They averred that, subsequent to the judgment and while the cause was pending on the appeal, they paid interest on the loans existing upon the property conveyed to them by the plaintiffs in sums aggregating $1,-680, and taxes thereon aggregating $54.76; that the plaintiffs, during the pendency of the appeal, had negligently suffered the taxes existing at the time of the conveyance and the accruing taxes on the real property to become delinquent and the property to be sold by the public authorities, causing a loss of the properties, and had negligently suffered the promissory notes assigned at the time of the conveyance with their securities to become wasted and uncollectible, which, with certain other matters set forth, resulted in an aggregate damage to them in the sum of $70,775. Certain other matters were also set forth, on the whole of which they asked that the court adjudge the equities of the case to be with them, and wholly and completely confirm in them the title to the property the original judgment awarded to the plaintiffs; that the plaintiffs be awarded all of the original properties conveyed to them, and that they be adjudged to take nothing by their action. They further asked that, in case the foregoing relief be not awarded to them, they have judgment against the plaintiffs because of a loss of the property they had conveyed to the plaintiffs, and judgment for the interest

and taxes they had paid to preserve the plaintiffs' property from loss, and that the judgment be declared an equitable lien upon such property, to be foreclosed in the manner provided by law for the foreclosure of liens.

To the petition, although it was served upon the plaintiff E. M. Gordon, no answer was made, the plaintiff expressly refusing to answer thereto. He appeared, however, after the expiration of the thirty days, and set forth the death of his wife and his appointment as administrator of her estate, paid into court the sums required of him by the judgment, tendered a return of the promissory notes and the securities, and asked the court to appoint a commissioner to reconvey to the defendants the property in accordance with the terms of the judgment, tendered an issue on the right of the defendants to recover the sum of $459.58, left undetermined in the original decree, and elected to take a conveyance for a certain lot conveyed by himself and wife to the defendants, and a judgment for the remainder of the property in accordance with the findings of value as set forth in the original judgment.

The court heard the parties, but declined to adjust their rights in accordance with the demands of either of them. It announced its intention to enter a judgment, (1) appointing a commissioner to make a reconveyance of the several properties conveyed by the one party to the other; (2) requiring the plaintiff E. M. Gordon to pay into court for the use of the defendants, in addition to the money already paid therein, the sum of $1,680 paid by the defendants as interest on the incumbrances on the property ordered reconveyed to the plaintiff, and the further sum of $54.76 paid as taxes thereon, less his costs recovered in the appellate and superior courts; and (3) determining the controversy over the sum of $459.78, left undetermined in the original decree. It was upon this announcement that the application for a writ of mandate was sought from this court.

In determining the questions submitted by the application,

we shall not notice in detail the arguments advanced by counsel. The respective rights of the parties are plain. The judgment of the court in the original action definitely fixed and determined those rights. Any subsequent orders or adjudications of the court in the cause itself must be confined to such as are necessary to carry the judgment into execution. The only permissible inquiry, therefore, is, what orders or adjudications are necessary for that purpose?

It appeared in the original action that the property conveyed by the plaintiffs to the defendants was not conveyed directly to the defendants, but in part to Bessie Olive Hillman and in part to a corporation known as the Hillman Investment Company. It was not known, of course, at the time of the entry of the judgment therein, whether the defendants could or would return the specific property; hence the judgment was in the alternative, granting them an option to acquire the title and redeem the property within thirty days or submit to a judgment for its value, which value was found and determined in the judgment. The right to exercise the option was with the defendants, and their failure to redeem the property within the time fixed in the judgment was an election to keep the property and submit to a judgment against them for its value. This election was not only binding upon them, but it is binding upon plaintiffs, and the plaintiffs have no right to insist upon a reconveyance of a part of the property and a judgment for the value of the remainder. It follows that, on this branch of the case, the plaintiffs are entitled to a judgment as of a date thirty days after the entry of the judgment, for the value of the property as found in the judgment.

With reference to the property conveyed and assigned by the defendants to the plaintiffs, the defendants are entitled to a reconveyance of this through a commissioner appointed by the court. The death of one of plaintiffs prevents a reconveyance by the plaintiffs as individuals, but the deed of the commissioner will convey all of the title of the surviving

plaintiff as well as all of the title vested in the estate of the deceased plaintiff. It can be made with the special warranties required by the judgment, obligatory upon the surviving plaintiff and upon the estate of the deceased plaintiff, and to these special warranties the defendants must look for any relief, if to any they are entitled, for any negligent act of the plaintiffs which may have caused a loss of the property. These questions are not determinable as a part of the original action.

The defendants are entitled to withdraw the money deposited by the plaintiffs in pursuance of the requirements of the judgment.

The right to the sum of money left undetermined by the judgment should also be ascertained. It was justiciable in the original action and should properly have been determined with the other questions there presented. But since it was not, it is ordered now to be determined that this litigation may have an end.

Let the writ of mandate issue, with instructions for the lower court to proceed in accordance with this opinion.

ELLIS, C. J., MOUNT, HOLCOMB, and PARKER, JJ., concur.

ON PETITION FOR REHEARING.

[Decided January 2, 1918.]

PER CURIAM.—A petition for a modification of the decision directed in this cause has been filed by the relator, and a petition for a rehearing has been filed by the respondent. The relator's petition calls attention to an error inadvertently made by us in failing to notice that a certain tract of land mentioned in the decree was directed to be reconveyed without the alternative of a money judgment. It was our intention to direct that the decree be carried into execution as originally entered and as affirmed by this court, and it follows as of course that the relator is entitled to a reconveyance of the tract of land mentioned. The order of court contained in

the original opinion, in so far as it conflicts with this idea, is modified accordingly.

The petition for rehearing filed by the respondents presents no new questions. Everything contended for therein was before us on the original hearing and received the consideration of the court. While many of the points discussed were not specifically mentioned in the opinion, it was thought not necessary, as the questions decided concluded the matters between the parties.

The petition is denied.