[No. 14894.  *En Banc.*  August 1, 1918.]

THE STATE OF WASHINGTON, *on the Relation of C. D. Hillman et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Everett Smith, Judge, Respondent.*[1]

APPEAL—DECISION — JUDGMENT ON REMITTITUR — EFFECT—POWER TO VACATE.  Where the judgment of the supreme court on appeal directed the making of certain conveyances and the doing of certain things within a specified time, or in the alternative, a money judgment, the final judgment of the superior court after remittitur, determining the sufficiency of the conveyances and whether or not the other things required had been done, is the judgment of the superior court which that court had jurisdiction to vacate on petition without first obtaining leave from the supreme court.

Application filed in the supreme court June 24, 1918, for a writ of mandate to the superior court for King county, Smith J., to compel a hearing.  Granted.

*Wilson R. Gay* and *George H. Rummens,* for relators.
*Aust & Terhune* and *Byers & Byers,* for respondent.

[1]Reported in 174 Pac. 14.

PARKER, J.—The relators, Hillman and wife, seek a writ of mandate from this court to compel the superior court for King county to hear and dispose of their petition filed in that court, wherein they pray for the vacation and setting aside, upon the ground of fraud in procuring the same, of the final judgment and decree rendered in the case of *Gordon v. Hillman,* 91 Wash. 490, 158 Pac. 96, carrying into effect the original decree entered therein which was affirmed by this court.

The questions here presented are whether or not the final judgment and decree so sought to be set aside is, in effect, a decree of the superior court instead of this court, enabling the superior court to entertain the petition without leave of this court; and whether or not the superior court has refused to entertain relators' petition.

In July 1913, Gordon and wife commenced an action in the superior court for King county against Hillman and wife, seeking rescission of an exchange of certain properties, and reconveyance of such properties by each to the other, upon the ground of fraud practiced by the Hillmans, inducing the Gordons to consummate the exchange. That action resulted in a decree rendered by the superior court for King county on February 27, 1914, in favor of the Gordons, substantially as prayed for by them. In so far as we need here notice its terms, that decree reads as follows:

"It Is Hereby Ordered, Adjudged and Decreed that the defendants within thirty days from the date of the entry of this decree, reconvey to plaintiffs by special warranty deed . . . [property] . . . or in default of reconveyance of the last described property, that plaintiffs have judgment against the defendants and each of them for the sum of $37,000; and also . . . [property] or in default of reconveyance of last described property, that plaintiffs have judgment against

10—103 WASH.

the defendants and each of them for the sum of five thousand dollars ($5,000); and also execute a bill of sale of . . . [property] or in default of reconveyance of said property that plaintiffs have judgment against the defendants and each of them in the sum of twenty-five hundred dollars ($2,500) . . .

"Ordered, Adjudged and Decreed that within thirty days from the date of the entry of this decree and forthwith upon reconveyance by the defendants as above set forth, the plaintiffs reconvey to the defendants by special warranty deed, the following described property to wit . . . [property].

"All said conveyances to be made subject to the liens or incumbrances existing upon or against the above described properties or any of them on the 7th day of July, 1913 . . . and also subject to all taxes or assessments subsequently accrued against said real property or any part thereof. . . .

"Ordered, Adjudged and Decreed that within thirty days from the date of the entry of this decree, or within thirty days of the filing of the remittitur herein in the event that this cause is appealed to the supreme court, and forthwith upon reconveyance by defendants as above provided, that the plaintiffs repay to the defendants the sum of $4,369.01, said principal representing sums expended by the defendants upon properties conveyed by plaintiffs to defendants and herein directed to be reconveyed."

The Hillmans appealed from that decree to this court. It was affirmed by our decision in *Gordon v. Hillman,* 91 Wash. 490, 158 Pac. 96. Thereafter, on January 5, 1918, upon a hearing in the superior court for King county looking to the carrying into effect of this affirmed decree, that court entered its further final decree, which, so far as we need here notice its terms, reads as follows:

"This cause came on for hearing on the application of the plaintiffs for a decree to carry into effect the decree heretofore made by this court and affirmed by the supreme court of the state of Washington, and

"It appearing that the plaintiffs in the above entitled action have paid into court the sums specified in the final decree of this court made on the 27th day of February, 1914, and

"It further appearing that they have tendered into court the special warranty deed provided for in said decree, and

"It further appearing that the defendants in the above entitled action have not, within the time required in the original decree herein, made or tendered to the plaintiffs, or tendered into court, the deeds specified in·said decree  .  .  .

"It further appearing that the said decree hereinbefore referred to provided that in case of failure of the defendants to convey to plaintiff  .  .  .  [property] the plaintiffs should be entitled to judgment against the defendants for the sum of thirty-seven thousand ($37,000) dollars and that in the event of the failure of the defendants to convey to plaintiffs  .  .  .  [property] then the plaintiffs should be entitled to a judgment against the defendants for the sum of five thousand dollars ($5,000), and

"It further appearing that in the event of the failure of the defendants to convey to plaintiffs  .  .  .  [property] the plaintiffs should have judgment against the defendants for the sum of twenty-five hundred ($2,500) dollars, and

"It further appearing that the defendants have not within the time provided in the original decree herein, made any of the last three mentioned conveyances to plaintiffs it is therefore

"Ordered, Adjudged and Decreed that the plaintiffs do have and recover from the defendants the sum of forty-four thousand five hundred dollars ($44,500) together with interest thereon at the legal rate from May 5, 1917."

Thereafter in May, 1918, the Hillmans filed in the superior court for King county their petition, seeking the setting aside of the final judgment and decree entered on January 5, which is the decree last above quoted from, on the ground of fraud and misrepresenta-

tion on the part of counsel for the Gordons in procuring the same to be entered. Upon the filing of that petition, counsel for the Hillmans caused summons to be issued and personal service thereof to be made, such as to give the superior court jurisdiction to hear and entertain the petition in so far as service of process was necessary. Thereafter counsel for the Gordons specially appeared and objected to the superior court's entertaining the petition on the ground of want of jurisdiction in the court so to do, in that it was in effect a petition to vacate and set aside a decree of this court, and no permission had been granted by this court to the superior court to entertain such petition.

The answer made by Judge Smith to relator's petition for a writ of mandate, we think, shows that he refused to entertain relators' petition and take jurisdiction over the controversy therein presented because he was of the opinion that to do so would be to entertain a petition to vacate and set aside what is, in effect, a decree of this court. His answer is not as certain in this respect as it might be, since he seems to therein point out some reasons touching the merits of relators' petition, why it should not be granted; but we think, reading his answer as a whole, that it amounts to a showing that he refused to entertain such petition, either upon the merits or as to its stating good cause for the vacation of the final judgment and decree.

Is the final judgment and decree of January 5, 1918, a judgment and decree of the superior court, or was it, in effect, a judgment and decree of this court, because entered with a view to carrying into effect the original decree which had been affirmed by this court, which thereby in effect became a decree of this court? In view of the fact that the original decree, while it determined the rights of the parties, or rather the basis on which the rights of the parties should be adjusted, was

not in its practical effect a final decree, leaving nothing to be further determined, but necessarily left open for determination by the superior court, upon the remittitur going down, the question, among others, of the sufficiency of the conveyances to be made and tendered by the respective parties in the final adjustment of their rights in compliance with the original decree. One of the grounds of fraud and misrepresentation charged is, in substance, that the conveyances tendered by the Gordons were not such as to effectually protect the rights of the Hillmans under the original decree, and that fraud was practiced, inducing both the court and the Hillmans to believe that the tendered conveyances were such as to effectually protect the rights of the Hillmans, thus inducing the court to enter the final judgment and decree sought to be set aside. Manifestly, there could be and was presented upon that hearing the question of the sufficiency of such conveyances, which the court was called upon to decide, and as to which fraud could be practiced upon the court, inducing a wrong decision; furnishing relators' cause for relief such as they in their petition and their application to this court are seeking.

We conclude that the judgment and decree of January 5, 1918, sought to be vacated and set aside is a judgment and decree of the superior court in so far as it determined the sufficiency of the conveyances to be made, and also in so far as it determined whether or not the other things required to be done by the decree had been done, and that upon the filing of relators' petition in the superior court and the service of the summons as alleged and admittedly made, it was the duty of the superior court to entertain the petition and proceed to a final determination thereof. Our decisions in *State ex rel. Gordon v. Smith*, 98 Wash. 100, 167 Pac. 91, and *Gordon v. Hillman*, 102 Wash. 411, 173 Pac.

22, constitute a part of the history of the controversy between the Gordons and the Hillmans over these properties, and are of some interest in connection with this application.

It is ordered that a writ of mandate issue, directing the superior court for King county and Judge Smith to proceed as herein indicated.

MITCHELL, MOUNT, HOLCOMB, MACKINTOSH, and TOLMAN, JJ., concur.