[No. 18571. Department One. September 8, 1924.]

GEORGE H. RUMMENS, *Respondent*, v. C. D. HILLMAN
*et al., Appellants.*[1]

ATTORNEY AND CLIENT (37)—COMPENSATION OF ATTORNEY—VALUE
OF SERVICES—EVIDENCE—SUFFICIENCY. Findings that $7,000 was the
reasonable value of the services of an attorney are sustained where
the litigation involved property valued at more than a million dol-
lars and after several years and numerous appeals to the supreme
court, conducted with skill, fidelity and ability, the case finally re-
sulted in preventing enforcement of a judgment for $44,500; and
setting it aside to the extent of $27,000.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered October 29, 1923,
upon findings in favor of the plaintiff, in an action on
contract. Affirmed.

*Poe, Falknor, Falknor & Emory,* for appellants.

*Chadwick, McMicken, Ramsey & Rupp,* for respond-
ent.

PARKER, J.— The plaintiff, Rummens, commenced
this action in the superior court for King county, seek-
ing recovery of compensation for legal services ren-
dered by him as attorney for the defendants Hillman
and wife, claiming such services to have resulted to
the advantage of defendants to the extent of hundreds
of thousands of dollars in value, and that $25,000 is a
reasonable compensation therefor, in addition to a

[1]Reported in 228 Pac. 593.

retainer of $500 agreed to be paid, and partly paid, at the beginning of the employment. A trial upon the merits before the court, sitting without a jury, resulted in findings and judgment in favor of the plaintiff, awarding him recovery in the sum of $7,000 as the reasonable value of the services rendered, and the further sum of $229.75 due upon the agreed retainer and expenses incurred by him in litigation. From this disposition of the case in the superior court, the defendants have appealed to this court.

Respondent is an experienced attorney at law, having been a member of the bar of this state for more than twenty years past. In March, 1918, appellants employed him to commence and prosecute such actions and proceedings as in his opinion might be advisable looking to their relief from certain judgments which had been rendered against them, especially a money judgment for $44,500 rendered against them in the superior court for King county which was then almost wholly unsatisfied. This judgment was rendered in pursuance of obligations determined by this court as against appellants, except as to amount, by our decisions rendered in *Gordon v. Hillman,* 91 Wash. 490, 158 Pac. 96, and *State ex rel. Gordon v. Smith,* 98 Wash 100, 167 Pac. 91, 169 Pac. 468. For the services to be rendered in such employment appellants agreed to pay respondent a retainer fee of $500, and in the event any litigation instituted by him as attorney for them should not terminate to any advantage to them, that they would not be required to pay any further sum on account of such employment, but that, in event the litigation so instituted and prosecuted by respondent in behalf of appellants should result favorably to them, they would pay to him reasonable attorney's fees, in addition to the $500 retainer, for

services so rendered. At that time appellants had large property interests in the states of Washington, Oregon and California which were for the most part heavily encumbered, and yet apparently, at least according to appellants' own estimate thereof, had large prospective value above encumbrances. Appellants were not then able to satisfy the money judgment by direct payment thereof, and the enforcement of the judgment by execution thereon in the state of Washington, and suits thereon in the states of Oregon and California, threatened the absorption of all of appellants' property interests. The trial court found in part as follows:

"That at the time of the aforesaid employment, diverse executions had been issued out of the aforesaid cause on the judgments therein and levied upon the property of the defendants, and diverse garnishments had been issued out of said court and cause and served upon the garnishee defendants named therein and thereby a large amount of the defendants' property had been impounded by such garnishments; suit based on said judgments had been commenced in California and prosecuted to final judgment and diverse executions had been issued under the California judgment and had been levied upon the property of the defendants in the state of California; a suit had been commenced in the state of Oregon, based on the aforesaid judgments and a large amount of the defendants' property had been attached in said suit in Oregon, and that by and through the aforesaid executions and garnishments and attachments, practically all of the property of the defendants had thereby become attached, levied upon by execution or reached by garnishment, and that the property so attached, levied upon or reached by garnishment, was of the value of more than one million dollars, and by reason of said attachments, executions and garnishments the defendants were unable to finance themselves, and unless they secured relief from the judgment in the aforesaid cause there

was grave danger that all of the property of said defendants would be thereby lost to them.

"That in pursuance of the aforesaid employment the plaintiff entered upon the discharge of his duties as attorney for said defendants and caused diverse and sundry actions and proceedings to be commenced and instituted and prosecuted, both in the supreme court of the state of Washington and in the superior court of the state of Washington for King county, and also appeared as attorney for the defendants in diverse proceedings and suits which were instituted against the defendants by the plaintiff in the aforesaid cause, and rendered valuable services in the successful prosecutions and defenses thereof; that the litigation so instituted by the plaintiff on behalf of defendants resulted favorably to the defendants and to their great and lasting advantage."

These findings, we think, are well supported by the evidence, except that the stated value of the property interest may be somewhat exaggerated. Among the actions and proceedings instituted and prosecuted looking to the relief of appellants from the burden of the judgment rendered in the superior court for King county and affirmed by this court are the following: *Gordon v. Hillman,* 102 Wash. 411, 173 Pac. 22; *State ex rel. Hillman v. Superior Court,* 103 Wash. 288, 174 Pac. 14; *Gordon v. Hillman,* 107 Wash. 490, 182 Pac. 574; *Gordon v. Hillman,* 107 Wash. 628, 182 Pac. 591; *Hillman v. Gordon,* 126 Wash. 614, 219 Pac. 46; the last case resulting in the final setting aside of the $44,500 judgment. We do not fail to note that in that case respondent's name does not appear as attorney for appellants. But that, we think it clearly appears, was a mere inadvertence of counsel who was associated with him in that case. We think the evidence fully warrants the conclusion that respondent laid the foundation which was largely, if not almost wholly, the cause of the ultimate success evidenced by the de-

cision in the last mentioned case. Besides, it is apparent that respondent's ingenuity and skill resulted in the prevention of the enforcement of the $44,500 judgment against appellants to the extent of at least $27,000 during a larger part of the period from the commencement of his employment in 1918 to the ultimate setting aside of that judgment by the decision of this court in the last mentioned case in October, 1923; all of which was greatly to the advantage of appellants, even apart from their ultimate release from the obligation of paying that judgment.

In its final analysis, there is nothing of serious moment involved in this case other than questions of fact, to wit, the reasonable value of respondent's services rendered to appellants. It is a long involved story, and we might add, of faithful and skillful service rendered by respondent. True, he was not successful in every individual move he made, as is evidenced by some of the decisions of this court above noticed. We think, however, scarcely one of them was devoid of influence making for the ultimate success that came with the rendering of our decision last above noticed. The trial judge had before him not only, in great detail, evidence of the services rendered to appellants by respondent, but also the opinion testimony of several experienced attorneys as to the reasonable value of the services rendered, given in response to fair hypothetical questions. The award is in amount approximately the minimum fixed by those witnesses. We think that the reasonable value of respondent's services is at least $7,000, and that the trial judge was fully warranted in awarding recovery accordingly.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.